**NOT FOR PUBLICATION** (Doc. No. 19)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| SUSAN SANDLER, | : |
| Plaintiff, | : Civil No. 09-6257 (RBK) |
| v. | : **OPINION** |
| MICHAEL B. DONLEY, SECRETARY DEPARTMENT OF THE AIR FORCE, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court pursuant to the motion filed by the Secretary of the Air Force, Michael B. Donley ("the Secretary") under Local Civil Rule 72(a) objecting to an Order entered by Magistrate Judge Williams on December 20, 2010. The Secretary appeals Magistrate Judge Williams's Order transferring the matter from the District of New Jersey to the Eastern District of Missouri pursuant to 42 U.S.C. § 2000e-5(f)(3). For the following reasons, the Court affirms Magistrate Judge Williams's ruling.

**I.   BACKGROUND**

Plaintiff Susan Sandler is a fifty year-old Jewish female and a citizen of the United States. Between 2003 and 2006, Plaintiff was a paralegal assigned to work in the office of the Air Force General Counsel (AFGC) in Brussels, Belgium. During Plaintiff's tenure with the AFGC, her direct supervisor was Mr. Daniel Hass. During the events that gave rise to this litigation, Mr. Hass was located in Belgium with Plaintiff. Mr. Hass's supervisor was Mr. Mike Zehner. Mr. Zehner's office is located in Alexandria, Virginia.

1

Plaintiff alleges that during her employment in Belgium, she was subjected to various forms of religious discrimination. Specifically, Plaintiff alleges that Mr. Hass discriminated against her by denying her requests for compensatory time to observe certain Jewish holidays. Plaintiff also alleges that Defendant's employees discriminated against her on the basis of sex by treating her differently than other similarly situated male employees. Specifically, Plaintiff alleges that Defendant's employees "refus[ed] to allow her to attend training, forc[ed] her to purchase her own office supplies, and [did] not allow[] her time off to care for her children." (Am. Compl. ¶ 62).

Plaintiff also alleges that she was subjected to various forms of retaliation. In particular, Plaintiff claims that Defendant's employees refused to acknowledge her complaints of sexual discrimination and religious discrimination, and "constructively discharged" her by forcing her to either discontinue her employment, or work in a sexually and religiously hostile environment. (Am. Compl. ¶ 73).

On July 7, 2010, Defendant moved to transfer venue to the Eastern District of Virginia. On December 20, 2010, Magistrate Judge Williams denied Plaintiff's request, and instead transferred the case to the Eastern District of Missouri. (Doc. No. 18). Magistrate Judge Williams cited Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), which provides that a plaintiff may bring an employment discrimination claim in the "judicial district in which the employment records relevant to such practice are maintained and administered . . .," and determined that because Plaintiff's employment records are maintained and administered at the National Personnel Records Center in St. Louis, Missouri, the proper venue for this case is the Eastern District of Missouri.

On December 30, 2010, the Secretary appealed. (Doc. No. 19). The parties submitted

their respective papers and the motion is ripe for review.

## II. STANDARD

Under Local Civil Rule 72(c)(1), a party may appeal the non-dispositive order of a magistrate judge. A motion to transfer a case to another district is a non-dispositive motion. See Siemens Fin. Servs. v. Open Advantage, No. 07-1229, 2008 U.S. Dist. LEXIS 15623, *6 (D.N.J. Feb. 29, 2008) (citing Lite, N.J. Federal Practice Rules 266 (Gann 2008); Hitachi Cable Amer., Inc. v. Wines, No. 85-4265, 1986 U.S. Dist. LEXIS 29278 (D.N.J. Feb. 14, 1986)). The district court must review the magistrate judge's findings to determine whether the order is "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(A); Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1113 (3d Cir. 1986). However, a magistrate judge's legal conclusions are reviewable de novo. Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006). "The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994).

## II. DISCUSSION

The Secretary argues that Magistrate Judge Williams erroneously determined that the appropriate venue for litigating this dispute is the Eastern District of Missouri. Specifically, the Secretary contends that Magistrate Judge Williams incorrectly interpreted the language of 42 U.S.C. § 2000e-5(f)(3), which authorizes suit in the judicial district where the relevant records "are maintained and administered." The Secretary contends that the terms "the judicial district where . . . employment records relevant to such practice are maintained and administered" refer to the judicial district where the records were maintained and administered at the time of the alleged discrimination. (Def.'s Br., at 6-7). The Secretary also petitions the Court to transfer

venue to the Eastern District of Virginia because at least "some portion of the [events giving rise to this lawsuit] occurred in Arlington, Virginia"; namely, the allegations concerning Plaintiff's conversation with Michael Zehner. (Def.'s Br., at 3-4). Plaintiff argues that Magistrate Judge Williams did not commit clear error because she "cite[d] case law supporting a finding of venue in the forum where employment records are currently maintained and administered." (Pl.'s Br., at 1).

Venue in civil actions is generally governed by 28 U.S.C. § 1391. However, Title VII contains its own venue provision. See 42 U.S.C. § 2000-5(f)(3). The purpose of Title VII's venue provision is to "'limit venue to the judicial district concerned with the alleged discrimination . . . .'" Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000) (quoting Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.D.C. 1969)). Title VII's venue provision is "mandatory and well-settled, thereby rendering other general venue statutes inapplicable." Vincent v. Woods Servs., No. 08-1007, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008). Under Title VII's venue provision, a plaintiff must bring a civil action in the judicial district where

> [1] the unlawful employment practice is alleged to have been committed, . . . [2] the employment records relevant to such practice are maintained and administered, or [3] the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000-5(f)(3) (emphasis added).

In transferring the case, Magistrate Judge Williams examined the first two criteria articulated in the venue provision. First, Magistrate Judge Williams determined that "the substance of the unlawful actions which Sandler alleges in her Amended Complaint occurred in

4

Belgium not Virginia." (Doc. No. 18, at 4-5). Magistrate Judge Williams also determined that it was unclear from the submissions by the parties whether Plaintiff's conversations with Zehner occurred in Virginia or Belgium, or whether they occurred on the phone. (Id.).

Second, Magistrate Judge Williams determined that venue is proper in the Eastern District of Missouri because Plaintiff's employment records are maintained and administered at the National Personnel Records Center in St. Louis. (Id. at 6). To reach that conclusion, Magistrate Judge Williams relied upon Jyachosky v. Winter, No. 05-239, 2006 WL 1805607 (D.D.C. June 29, 2006). In that case, the district court found that the location where the employment records "are maintained and administered" refers to the location where Plaintiff's employment records are maintained and administered at the time of the lawsuit, not when the allegedly unlawful conduct occurred. Id. at *3 n.2 (emphasis in original).[1]

The Court finds that Magistrate Judge Williams's interpretation and application of 42 U.S.C. § 2000-5(f)(3) is not clearly erroneous or contrary to law. First, the record supports Magistrate Judge Williams's conclusion that a substantial majority of the allegedly unlawful conduct occurred in Belgium, not Virginia. The Amended Complaint is replete with allegations of improper conduct by Defendant's employees in Belgium. For example, Plaintiff complained that Mr. Hass refused to allow her time off to observe religious holidays such as Rosh Hashanah and Yom Kippur, and denied her request for a flexible schedule to care for her children and family members in Belgium. (Am. Compl. ¶¶ 24, 37). Moreover, the Amended Complaint alleges that Mr. Hass failed to take action when Plaintiff complained to him that he treated

---

[1] The Secretary urges the Court to rely upon the interpretation of § 2000e-5(f)(3) adopted by the court in Saran v. Harvey, No. 04-1847, 2005 WL 1106347 (D.D.C. May 9, 2005). In that case, the Court held that the plaintiff's records were not "maintained and administered" in St. Louis because the plaintiff's employment records were located in Europe at the time of the allegedly unlawful conduct. Id. at *4. However, Magistrate Judge Williams rejected that line of argument and interpreted the relevant portion of 42 U.S.C. § 2000e-5(f)(3) to refer to the location of Plaintiff's records at the time of the pending lawsuit.

5

another male coworker favorably. (Id. ¶ 39). On the other hand, there is little evidence that the allegedly unlawful acts occurred in Virginia. The Complaint alleges that on one occasion, Zehner told Plaintiff that the job she held with Defendant on March 16, 2006 would be the only one she would ever have with Defendant. (Am. Compl. ¶ 43). Although it is true that Plaintiff's conversation with Zehner may demonstrate a possible connection to Virginia, the Court agrees with Magistrate Judge Williams's determination that "[Plaintiff's] main claim of unlawful action . . . was Hass' refusal to allow her to go to Germany to fix the problem when he allegedly allowed her male counterparts to do so." (Doc. No. 18, at 5).

The Court also finds that Magistrate Judge Williams's interpretation of the terms "are maintained and administered" is not clearly erroneous or contrary to law. The language of Title VII's venue provision is unambiguous. The plain language of the statute provides that venue will lie "in the judicial district in which the employment records relevant to such practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). The statute does not refer to the location where the employment records "were" maintained and administered at the time the allegedly unlawful employment practice occurred; and, there is no indication that Congress intended to construe that provision broadly. Accordingly, the Court finds that venue is appropriate in the Eastern District of Missouri.

The Secretary's argument that "Jyachosky's reading of the venue provision is a literal one that separates itself from any concern for the realities of the allegations raised by the pleadings" is unpersuasive. (Def.'s Br., at 7). Contrary to the Secretary's position, this Court is comfortable with the "literal" reading of a congressional statute when that statute is unambiguous on its face. Generally, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular

6

dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997). The "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent." Id. Moreover, "[t]he statutory text is quite clearly the best evidence of congressional intent . . . ." A.T. Massey Coal Co. v. Holland, 472 F.3d 148, 172 (4th Cir. 2006) (emphasis added). As previously mentioned, the language of 42 U.S.C. § 2000e-5(f)(3) is unambiguous. Although it may be true, as the Secretary argues, that a "literal" reading of that provision may lead to outcomes that are impractical, the Court's primary concern is Congressional intent – as demonstrated by the text of the statute. Here, the text of the statute demonstrates Congressional intent that venue in a Title VII action lies in the judicial district where the employment records are maintained and administered. Because Magistrate Judge Williams's interpretation of Title VII's venue provision is consistent with the unambiguous language of the statute, the Court finds that Magistrate Judge Williams's opinion is not clearly erroneous or contrary to law.

## III. CONCLUSION

For the reasons discussed above, the Court denies the Secretary's motion objecting to Magistrate Judge Williams's December 20, 2010 Order. An appropriate order shall issue today.


Date:  6/8/2011                                             /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge

7